IN THE UNITED STATES DISTRICT COURT
FOR THE OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Szilvia I. Kruss;<br>Petitioner,<br><br>vs.<br><br>Judge Karen M. Wilson,<br>DuPage County Sheriff's Office;<br>DuPage Deputy Sheriffs A, B, C, D, E;<br>Respondents. | )<br>)<br>)<br>) No. 20-CV-3097<br>)<br>)<br>)<br>)<br>) |

### AMENDED COMPLAINT

**NOW COMES** the Plaintiff, Szilvia Kruss, by her attorney, Jason R. Craddock, and amending her complaint originally filed *pro se* against Defendants on May 11, 2020 (the postmark date—see Exhibit 1—per this Court's THIRD AMENDED GENERAL ORDER 20-0012 dated April 24, 2020 ("Given the public health emergency and the current inability of the Clerk's Office to process mail in the ordinary course, if a filing is mailed by a non-prisoner, the filing date shall be deemed to be the postmark date, subject to any party's right to move that a different date be used"), states as follows:

1.  This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging the actions of Defendants Judge Karen M. Wilson (hereafter, "Wilson") and the DuPage County Sheriff's Office (hereafter "DCSO"), and its agents, Officers A, B, C, and D, with respect to unlawful detention of Plaintiff, and seeking a declaration that the Defendant Officers' actions (pursuant to orders from Wilson lacking jurisdiction) in seizing her and detaining her in a public courtroom for 4 hours in front of many people without allowing her any phone calls violated her Fourth and Fourteenth Amendment rights under the United States Constitution, and damages

1

to Plaintiff for the same.

2.  Plaintiff was a resident of Will County at the time of the events in question.

3.  All Defendants are state actors whose jurisdiction is limited to and in DuPage County, Illinois.

4.  Venue is thus proper in this Court, and jurisdiction is proper in this Court, which has jurisdiction over the subject matter of this dispute, which arises under 42 U.S.C. §1983, by virtue of this Court's federal question jurisdiction conferred by 28 U.S.C. §1331.

5.  On May 9, 2018, Judge Karen M. Wilson of the eighteenth judicial circuit court of DuPage County ordered incarceration for SZILVIA due to her refusal to sign a medical release regarding her minor daughter's medical records for the Guardian Ad Litem (GAL) in her divorce case, Kim DiGiovanni. Upon her refusal, Judge Karen M. Wilson, ordered SZILVIA to be arrested and detained until her trial in the afternoon, and ordered the GAL to pick up the minor from Will County (outside of the court's jurisdiction) and bring her to court in DuPage County.

6.  SZILVIA was concerned about her minor child's safety and rights under HIPAA, and thus, she did not sign the document (which actually the GAL DiGiovanni had access to already).

7.  Instead of arresting SZILVIA, and transferring her to the DuPage County Jail, and allowing her a phone call, she was handcuffed and left in the courtroom for 4 hours, without basic necessities, unable to talk privately to her attorney at the time, Ms. Nejla Lane, and unable to call her husband or her employer.

8. The DuPage County Sheriff's deputies' refusal to take Szilvia to the DuPage County Jail was based upon Judge Wilson's refusal to transfer Szilvia there.

9. Szilvia was allowed to go to the restroom only once and in handcuffs, and this was cruel and inhumane as other litigants filled the courtroom witnessed the same, and she was humiliated.

10. She was not allowed to speak to her husband or her employer as she was missing important meetings, thereby endangering her job.

11. MOREOVER, while SZILVIA was handcuffed and sitting in the courtroom waiting for her trial in the afternoon, Judge Karen M. Wilson was holding Court with other litigants in the room.

12. Judge Wilson's order to retrieve the child from another county, which involved detaining and humiliating SZILVIA against her Constitutional rights, was lacking in jurisdiction, thus making it an act not immune from liability.

13. Despite SZILVIA especially signing the release, her child was never returned to her custody (from which she was taken for refusing to sign the release).

Count I: Fourth and Fourteenth Amendment Violations: All Defendants

14. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1- 13 above.

15. Defendant illegally seized Plaintiff and detained her in the courtroom, pursuant to an order lacking in jurisdiction (Judge Wilson's order to retrieve the child from another county, outside of her jurisdiction, thus making it an act not immune from liability).

16. Defendants' actions violated Plaintiff's Fourth Amendment rights facially and as applied.

17. Plaintiff suffered damages from the 4 hours of detention, including emotional distress and humiliation.

Count II: Indemnification Pursuant to 745 ILCS 10/9-102: DuPage County Sheriff's Office

18. Plaintiff realleges all above paragraphs and incorporates them into this Count.

19. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, the DuPage County Sheriff's Office is liable for any judgments in this case arising from any individual Defendant's actions that are found to be willful and wanton, and committed in the scope of employment.

**WHEREFORE**, Plaintiff, Szilvia Kruss, respectfully requests that this Honorable Court enter an Order:

A. Enter judgment against Karen M. Wilson and the DuPage County Sheriff's Office and Deputies A-E, including compensatory and exemplary damages; and

B. Granting any other relief this Court deems just and equitable.

Respectfully Submitted,

s/Jason R. Craddock
Jason R. Craddock
Law Office of Jason R. Craddock
2021 Midwest Rd., Suite 200
Oak Brook, IL 60523
Phone: 708-964-4973
Email: craddocklaw@icloud.com
or cradlaw1970@gmail.com

4

Exhibit 1

**From:** Szilvia Kruss ⟨xxxxxxx@xxxxxx⟩ 
**Subject:** Fwd: Pro Se Filing in New Case
**Date:** June 4, 2020 at 3:57 PM
**To:** Jason Craddock  cradlaw1970@gmail.com

---------- Forwarded message ---------
From: **Szilvia Kruss** <szilvia.kruss@gmail.com>
Date: Thu, Jun 4, 2020 at 3:48 PM
Subject: Pro Se Filing in New Case
To: <Temporary_EFiling@ilnd.uscourts.gov>

Dear Clerk,

This new filing was mailed with **Priority Mail** on **5/11/2020** with tracking number **9405503699300372715693**.

Tracking from USPS indicated that it was forwarded on May 13th, but it does not state where to?
USPS did not have any otherr return or forwarding postage information.

I am attaching the original filing for this case, and I would like to keep the 5/11/20 date for filing in case the original filing cannot be found?

Name: Szilvia Kruss
Address: 15963 S. Arbor Dr. Plainfield, IL 60586
Phone Number: 815-715-0930

Sincerely,
Szilvia



2018 FEDERAL.pdf

## **VERIFICATION BY CERTIFICATION**

      Under penalties as provided by law pursuant to the laws of the United States of America, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

      Szilvia I. Kruss