IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SZILVIA I. KRUSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 20 cv 3097 |
| | ) | |
| JUDGE KAREN WILSON, | ) | Hon. Sharon J. Coleman |
| | ) | Magistrate Judge Sunil F. Harjani |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HER MOTION TO DISMISS**

Defendant Judge Karen Wilson, by and through her attorney, Kwame Raoul, Illinois Attorney General, hereby files her Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and moves this Court to dismiss Plaintiff's Complaint. In support of this motion, Defendant states as follows:

**INTRODUCTION**

In this action pursuant to Section 1983 of the Civil Rights Act, Plaintiff alleges that Defendant Karen Wilson, a DuPage County judge, violated her constitutional rights during the course of a domestic relations matter. Plaintiff alleges Defendant violated her Fourth and Fourteenth Amendment rights by restraining her in a courtroom in the course of a divorce proceeding because Plaintiff refused sign a release allowing the Guardian Ad Litem ("GAL") to access her minor daughter's medical records. (ECF No. 13 at ¶¶ 1, 5-13). Plaintiff alleges Judge Wilson ordered Plaintiff be handcuffed and left in the courtroom for four hours. Plaintiff also alleges Judge Wilson ordered the GAL to retrieve Plaintiff's minor child from a different county, which Plaintiff claims was improper.

Plaintiff's claim should be dismissed because it is barred by judicial immunity. Plaintiff's allegations clearly show that Defendant was acting in her judicial capacity. Additionally, Plaintiff's claim was not timely filed and is barred by the statute of limitations.

## LEGAL STANDARD

A party may also move to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Section 12(b)(6) provides for dismissal of a complaint where the complaint fails to state a claim upon which relief can be granted. FRCP § 12(b)(6). To survive a motion to dismiss under this standard, a complaint must contain a claim to relief that is plausible on its face, which in turn requires sufficient factual allegations to permit the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556, U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 557 (2007)) (internal quotation marks omitted). Purely legal conclusions are insufficient. *Id.* ("Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."). When reviewing the sufficiency of a complaint, the court must accept as true all well-pleaded factual allegations. *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011). However, legal conclusions and "conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.*

**ARGUMENT**

**I.   Judge Wilson is entitled to absolute judicial immunity.**

Where a defendant is entitled to absolute judicial immunity, that defendant is properly dismissed under Rule 12(b)(6). *See Dawson v. Newman*, 419 F. 3d 656, 660-61 (7th Cir. 2005) (affirming the District Court's dismissal of Judge Newman under Rule 12(b)(6)). The doctrine of judicial immunity is a centuries-old doctrine that confers complete immunity from suit, not just a mere defense to liability, for acts performed by a judge his or her judicial capacity. *Id.* "If a judge errs through inadvertence or otherwise, a party's remedy is through the appellate process." *Id.* at 661 (internal quotations omitted). The doctrine applies to state court judges as well as federal judges. *Stump v. Sparkman*, 435 U.S. 349, 358 (1978) (holding that judicial immunity applied to an Indiana Circuit Court judge); *Kowalski v. Boliker*, 893 F.3d 987, 999 (7th Cir. 2018) (holding that judicial immunity applied to an Illinois judge of the Circuit Court of Cook County). Judicial immunity applies even where there are allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The three factors generally govern whether a particular act or omission is entitled to judicial immunity: (1) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectation of the parties, *i.e.*, whether the parties dealt with the judge as a judge. *Dawson*, 419 F. 3d at 661.

Here, all three considerations support judicial immunity. The Complaint clearly makes allegations regarding conduct performed by Judge Wilson in her official capacity as a judge. The action Plaintiff complains about – holding her in contempt of court – is plainly an act normally performed by judges. The contempt order was an exercise of Judge Wilson's discretion as a judge,

3

not a ministerial act that might as well have been committed by a private person. Plaintiff may have an issue with how Defendant exercised her discretion, but there is no doubt that the contempt order was an exercise of discretion. Consequently, there is no doubt Plaintiff was dealing with Defendant within her judicial capacity and Defendant was exercising a judicial function.

Plaintiff appears to attempt to plead around judicial immunity by alleging Defendant acted outside of her jurisdiction as a judge. (ECF No. 13 at ¶ 12). It is well-established that judges are only subject to liability when they act with *clear absence* of jurisdiction. *Stump*, 435 U.S. at 356. "A judge will not be deprived of immunity because the action [s]he took was in error, was in maliciously, or was in excess of [her] authority." *Id.*

> A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for [her] determination as any other questions involved in the case, although upon the correctness of [her] determination in these particulars the validity of [her] judgments may depend.

*Id.* at 356 n. 6 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351-52 (1871)).

Here, Plaintiff is conflating venue with jurisdiction. Just because Judge Wilson ordered the GAL to pick up the minor child from a location outside of the county where her court is located does not mean she acted without jurisdiction. Illinois circuit courts have original jurisdiction over "all justiciable matters except matters where the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office." ILL. CONST. Art. 6 § 9. Their jurisdiction is also limited in matters of administrative review. *Id. See also* 735 ILCS 5/3-102. Accordingly, they are courts of general jurisdiction with nearly

4

plenary subject matter jurisdiction. *Mattmuller v. Mattmuller*, 785 N.E. 2d 196, 200 (Ill. App. Ct. 2003).

Here, there is no doubt that Judge Wilson has jurisdiction over the subject matter at issue, a domestic relations matter involving Plaintiff where custody of her minor child was contested. The child's physical location at a particular time Judge Wilson ordered the GAL to pick her up is irrelevant to whether she had subject-matter jurisdiction over the case. Indeed, the Illinois Dissolution of Marriage Act explicitly states "[i]n no event shall venue be deemed jurisdictional." 750 ILCS 5/104.

Moreover, Plaintiff's allegations as to the physical scope of Judge Wilson's jurisdiction are directly rebutted by the Illinois Circuit Courts Act. In pertinent part, the Act provides that the "respective courts, and the several judges thereof *shall have the power to award throughout the state*, and returnable in the proper county, relief by injunction, ne exeat, habeas corpus, quo warranto, *and all other processes that may be necessary to the due execution of the powers with which they are or may be vested*." 705 ILCS 35/26 (emphasis added). *See also People ex rel. DiFanis v. Boston*, 416 N.E. 2d 333, 338 (Ill. App. Ct. 1981) (holding the circuit court had jurisdiction to enter a statewide injunction pursuant to the Circuit Court Act). Judge Wilson did not act in clear absence of jurisdiction and Plaintiff's claim is therefore barred by judicial immunity.

## II. Plaintiff's Claim Is Barred By The Statute Of Limitations.

Additionally, Plaintiff's complaint should be dismissed because it is barred by the statute of limitations. A complaint may properly be dismissed based on the statute of limitations through a motion to dismiss where the facts sufficient to establish a complaint's tardiness are apparent from the face of the complaint. *Cancer Foundation Inc., v. Cerberus Capital Mgmt., LP*, 559 F. 3d 671, 674-75 (7th Cir. 2009). Such is the case here.

Plaintiff alleges Defendant violated her rights under the Fourth and Fourteenth Amendments through an unlawful detention. (ECF No. 13 at ¶ 1). Claims for unlawful detention are subject to a two-year statute of limitations. *Manuel v. City of Joliet*, 903 F. 3d 667, 668 (7th Cir. 2018). The claim begins to accrue once the detention ends. *Id.* at 669. The alleged detention in this case began and ended on May 9, 2018. (*Id.* at ¶¶ 5, 7). Accordingly, Plaintiff had until May 9, 2020 to file this lawsuit. Her Complaint was not filed until May 20, 2020. (ECF No. 1).

Plaintiff seems to anticipate this argument, arguing in the Second Amended Complaint that Plaintiff's initial Complaint should be considered timely pursuant to Third Amended General Order 20-0012 of April 24, 2020, which was issued in response to the COVID-19 pandemic. (ECF No. 13 at 1). Plaintiff argues that because the Order provided that "if a filing is mailed by a non-prisoner, the filing date shall be deemed to be the postmark date, subject to any party's right to move that a different date be used" that the Complaint should be deemed timely filed. (*Id.*). This argument is flawed. It is not clear that the Third Amended General Order's reference to "filings" was meant to include initial pleadings that are subject to time-bars. By its own terms the Order also does not foreclose any defendant from moving that a different date be used.

The Court should consider the lawsuit to have been filed on May 20, 2020. While the statute of limitations for Section 1983 claims is procedural and subject to equitable tolling, this only allows Plaintiff to avoid the statute of limitations if she was unable to obtain vital information bearing on the existence of her claim despite all due diligence. *Smith v. City of Chicago Heights*, 951 F. 2d 834, 839 (7th Cir. 1992). Naturally, that cannot be the case here as Plaintiff would have been aware of all of the facts regarding her claim on the date her claim accrued. Plaintiff waiting more than two years after her claim accrued to mail her initial complaint to the Clerk indicates a lack of diligence and is not a sufficient basis for equitable tolling.

But even if the Court considers the postmark date to be the date of filing, this lawsuit is still untimely. The postmark on the initial Complaint is May 11, 2020. (*See* ECF No. 1-1; ECF No. 13 at 1). As discussed, the deadline for Plaintiff to file this lawsuit was May 9, 2020. Thus, even if the Court considers the postmark date to be the date of filing, the Complaint was still filed two days late. Therefore, this matter is barred by the statute of limitations and should be dismissed.

WHEREFORE, Defendant, Judge Karen Wilson, respectfully requests that this honorable Court grant her Motion to Dismiss and dismiss this matter with prejudice.

Dated: March 29, 2021

Respectfully submitted,

KWAME RAOUL
*Attorney General*
*State of Illinois*

/s/ Hal Dworkin
HAL B. DWORKIN
Assistant Attorney General
Office of the Illinois Attorney General
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-5159
HDworkin@atg.state.il.us