UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SZILVIA I. KRUSS, ) | |
| ) | Case No. 1:20-cv-3097 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| JUDGE KAREN M. WILSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Szilvia I. Kruss brings this lawsuit against defendant Judge Karen Wilson, a DuPage County judge, alleging that Judge Wilson violated her constitutional rights during the course of a domestic relations matter. *See* 42 U.S.C. § 1983. Judge Williams moves to dismiss the amended complaint based on her absolute judicial immunity and the statute of limitations pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants defendant's motion to dismiss. Civil case terminated.

**Background**

The following allegations are taken as true for the purpose of ruling on this motion. In her amended complaint, Kruss alleges that on May 9, 2018, Judge Wilson ordered that Kruss be arrested and detained due to her refusal to sign a medical release regarding her minor daughter's medical records for the Guardian Ad Litem ("GAL") in her divorce case. Judge Wilson also directed the GAL to pick up Kruss' minor daughter from Will County, Illinois.

Instead of transferring Kruss to the DuPage County Jail, Kruss was handcuffed in the courtroom and left there for four hours. During this time period, she was not allowed to speak to her husband or employer on the telephone, although she was allowed to go to the restroom. She also could not speak to her attorney in private. Based on these allegations, Kruss contends that she was unlawfully detained in violation of the Fourth and Fourteenth Amendments.

**Legal Standard**

When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A plaintiff is not required to allege facts to overcome affirmative defenses, although dismissal under Rule 12(b)(6) is proper if the complaint sets forth everything necessary to satisfy an affirmative defense. *Vergara v. City of Chicago*, 939 F.3d 882, 886 (7th Cir. 2019).

**Discussion**

*Absolute Judicial Immunity*

In her motion to dismiss, Judge Wilson contends that she has absolute judicial immunity from this lawsuit. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Here, Kruss argues that Judge Wilson is not shielded by absolute immunity because she acted outside of her jurisdiction. When assessing if a defendant is entitled to absolute judicial immunity, courts consider "'whether it is a function normally performed by a judge' and the 'expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity'" and "whether the act 'involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge.'" *Kowalski v. Boliker*, 893 F.3d 987, 998 (7th Cir. 2018) (citations omitted).

Kruss' complaints about Judge Wilson concern the judge acting in her judicial capacity. Judge Wilson held Kruss in contempt of court, which involved the judge's exercise of discretion. In addition, Judge Wilson's order directing the GAL to pick up Kruss' daughter in Will County does not demonstrate that Judge Wilson acted in absence of all jurisdiction. Judge Wilson not only had

2

jurisdiction over Kruss' divorce proceedings, but the Illinois Circuit Courts Act provides that judges have jurisdiction throughout the state, including relief by processes that may be necessary due to the exercise of their powers. *See* 705 ILCS 35/26; *People ex rel. Difanis v. Boston*, 416 N.E.2d 333, 338, 48 Ill.Dec. 302, 307, 92 Ill.App.3d 962, 968 (4th Dist. 1981).

On a final note, despite Kruss' characterization of Judge Wilson's behavior, judges "are entitled to absolute immunity from damages stemming from many of their official acts, no matter how erroneous or harmful." *Doermer v. Callen*, 847 F.3d 522, 530 (7th Cir. 2017). The Court grants defendant's motion on this basis.

*Statute of Limitations*

Next, Judge Wilson maintains that Kruss' original complaint was untimely under the two-year limitations period for constitutional violations. *Johnson v. Winstead*, 900 F.3d 428, 434 (7th Cir. 2018) ("For § 1983 claims in Illinois, the limitations period is two years."). As Kruss alleges, Judge Wilson deprived her of her constitutional rights on May 9, 2018. Therefore, Kruss had until May 10, 2020 to file her lawsuit. *See* Fed.R.Civ.P. 6(1)(A). Because May 10, 2020 was a Sunday, Kruss' two-year limitations period ran on May 11, 2020. *See* Fed.R.Civ.P. 6(1)(C). Docketing received Kruss' complaint on May 20, 2020, and thus, it was untimely. The Court grants defendants' motion on this basis as well.

**Conclusion**

For the foregoing reasons, the Court grants defendant's motion to dismiss [24]. Civil case terminated.

IT IS SO ORDERED.

Date: 5/10/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

3